IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| GLADNEY CONSTRUCTION, INC., | ) ) ) | |
| Plaintiff, | ) | Civil Action No. 3:05-1746-MBS-BM |
| v. | ) ) | |
| WILLIAM H. EDWARDS, GAIL EDWARDS, INTERNATIONAL FAMILY CHURCH, | ) ) ) ) | |
| Defendants, | ) ) | |
| WILLIAM H. EDWARDS, | ) ) | |
| Third Party Plaintiff, | ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| JOE LOUIS GLADNEY, | ) ) | |
| Third Party Defendant, | ) ) | |
| WILLIAM H. EDWARDS, GAIL EDWARDS, | ) ) ) | |
| Counter Claimants, | ) | |
| v. | ) ) | |
| GLADNEY CONSTRUCTION, INC., JOE LOUIS GLADNEY, | ) ) ) | |
| Counter Defendants. | ) **)** | |

This action has been filed by the Plaintiff asserting several state law causes of action. The Defendants William Edwards and Gail Edwards have answered pro se. Both of these

1



Defendants have also asserted a "counterclaim" against the Plaintiff as well as a third party claim against Third Party Defendant Joe Louis Gladney.

Joe Louis Gladney and the Plaintiff Gladney Construction Inc., (sometimes collectively referred to herein as "Gladney") have filed a motion to dismiss the "counterclaim" and/or Third Party Complaint pursuant to Rule12(b)(6), Fed.R.Civ.P. As the Edwards are proceeding pro se, a Roseboro order was entered by the Court on April 4, 2007, advising these two Defendants of the importance of a dispositive motion and of the need for them to file an adequate response. The Court subsequently received a letter from the Defendant William Edwards on April 23, 2007, notifying the Court of a change of address and that he should be able to respond to the motion by on or before June 1, 2007. See Court Document No. 85. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, neither William Edwards nor Gail Edwards ever filed any response to the motion to dismiss, which is now before the Court for disposition.¹

**Discussion**

This action arises out of the conveyance of real property to the Defendant International Family Church.² Plaintiff alleges that it financed a portion of the purchase price, with a promissory note in the amount of $190,000.00 being executed by the Defendant International Family Church. The note was made payable to the Defendant William Edwards³ d/b/a Gladney

---

¹This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Plaintiff and Third Party Defendant have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

²This Defendant has filed a separate answer, and is represented by counsel.

³Both William Edwards and Gail Edwards are apparently former employees of the Plaintiff.

2



Construction, Inc., and although some payments have been received by William Edwards as well as Gail Edwards, the note remains unpaid. Plaintiff alleges that these Defendants have improperly retained monies paid under the note, and that the note has otherwise also been improperly assigned to these Defendants.

In their counterclaim and Third Party Complaint, the Edwards assert that the note which is the subject of this lawsuit was to be used as a way to compensate them for services rendered, that Joe Louis Gladney fully authorized having the note made payable to William Edwards, and that Joe Louis Gladney's and Plaintiff Gladney Construction, Inc.'s refusal to pay the Edwards compensation they are due is in violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et. seq..[4]

Gladney first argues that Defendants' counterclaim/Third Party Complaint should be dismissed because Gladney "fulfilled their alleged obligations to pay wages to the Defendants when a note was made payable to William Edwards." These parties further argue that, although the note remains unpaid, payment on the note was not the compensation that the Edwards' claim they are due; rather, it was the note itself which served as the Edwards' compensation. This argument is without merit.

Even though neither Defendant has filed a response to Gladney's motion, when considering a motion to dismiss pursuant to Rule 12(b), the Court is nevertheless required to "accept the allegations in the [pleading] as true, and draw all reasonable factual inferences in favor of the [Edwards]. [The motion can be granted] only if no relief could be granted under any set of facts that

---

[4]This Act creates a cause of action against an employer by an employee for failure of the employer to pay wages as required under that Act. S.C.Code Ann. § 41-10-80(C).



could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing pleadings filed by pro se litigants to allow the development of a potentially meritorious case; see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Edwards are proceeding pro se, their pleadings are considered pursuant to this liberal standard.

Here, Gladney argues that the Edwards were agreeable to accepting the note itself to obtain their compensation, and that Defendants therefore have no claim that Gladney has failed to pay them wages due. However, Defendants contend in their counterclaim/Third Party Complaint that Gladney is attempting to stop them from obtaining their compensation through payment on the note, and indeed Plaintiff alleges in its Complaint that the Edwards' receipt of proceeds from the note was improper, and seek return of this money. Considered under the standards of Rule 12, since the parties obviously dispute who it is that is entitled to the payments made under the note, this Court cannot decide based on the mere allegations of the Defendants' counterclaim/Third Party Complaint as well as the allegations of Plaintiff's Complaint that the Defendants have no claim under the South Carolina Payment of Wages Act. Murray v. City of Milford, 380 F.2d 468, 470 (2d Cir. 1967) [in considering a motion to dismiss, any inference which may be reasonably drawn from the allegations of the Complaint must be considered, and the Court must resolve any doubt in the Plaintiff's favor]; Jenkins v. McKeithen, 395 U.S. 411, 421-422 (1969) [when considering a motion to dismiss, the Plaintiff's allegations are to be taken as true for purposes of ruling upon the motion]. Therefore, even though neither Defendant filed a response to the motion to dismiss, based on the allegations in the pleadings Gladney is not entitled to dismissal of Defendants' counterclaim/Third



4

Party Complaint.

Finally, Third-party Defendant Joe Louis Gladney also separately argues that he is entitled to dismissal as a party Defendant because he was not properly added as a party in this case. The undersigned does not agree. Rule 14(a) permits a defending party to implead a "person who is not a party to the action who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff." Joe Louis Gladney argues that an essential element under this rule is that of derivative liability; see Watergate Landmark Condominium Unit Owners Association v. Wiss, Janey, Elstner & Assoc., Inc., 117 F.R.D. 576, 578 (D.Va. 1987); and that no facts or allegations have been set forth by the Defendants to establish derivative liability against him, as any claim under the South Carolina Payment of Wages Act would be against the Defendant Gladney Construction, Inc., the Defendants' employer. However, reviewing the allegations set forth in the pleadings under the standards of Rule 12, and taking into consideration the Defendants' status as pro se litigants, the undersigned is again unable to find that no relief could be granted to the Defendants under any set of facts that could be proved. Falzone, 776 F.Supp. at 890.

Individual agents or officers of an employer may be *personally* liable for unpaid wages to an employee under the South Carolina Payment of Wages Act if such agents or officers knowingly permit the employer to violate the statutory duty to pay wages to employees when due. Dumas v. InfoSafe Corp., 463 S.E.2d 641, 645 (S.C.Ct.App. 1995); Thompson v. University of South Carolina, No. 04-219, 2006 WL 2583595 at *10 (D.S.C. Sept. 5, 2006). Defendants allege in their counterclaim/Third Party Complaint that Gladney Construction Inc., is "owned and controlled" by Joe Louis Gladney, and that even though Joe Louis Gladney personally approved the

5



compensation plan or mechanism in dispute in this lawsuit, he is now taking the position that the Edwards are not entitled to the compensation previously agreed to. The undersigned cannot find based on these allegations that there is no scenario under which Joe Louis Gladney could be held personally liable for Defendants' claim. Dumas, 464 S.E.2d at 645. Therefore, Plaintiff's argument with respect to dismissal being appropriate under Rule 14(a) is also without merit.

After discovery has been completed, if the parties Gladney, either individually or in tandem, do not believe that sufficient evidence exists to subject them to liability under Defendants' counterclaim/Third Party Complaint, they may at that time file a properly supported motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., setting forth the *evidence* which they believe supports their entitlement to dismissal of these claims. They are not, however, entitled to dismissal of these claims on a motion under Rule 12.

## Conclusion

Based on the foregoing, it is recommended that the pending motion to dismiss be **denied** for the reasons stated. However, in light of the pro se Defendants' lack of response to the motion, it is further recommended that both of these Defendants be required to confirm with the Court in writing that they wish to continue to contest this case. If the Defendants fail to so respond, then notwithstanding the recommendation set forth hereinabove, it is recommend that their counterclaim/Third Party Complaint be dismissed for failure to prosecute. 41(b) Fed.R.Civ.P.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
August  1,  2007

6



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

