IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| GLADNEY CONSTRUCTION, INC., | ) ) ) |
| Plaintiff, | ) Civil Action No. 3:05-1746-MBS-BM |
| v. | ) ) |
| WILLIAM H. EDWARDS, GAIL EDWARDS, INTERNATIONAL FAMILY CHURCH, | ) ) ) ) |
| Defendants, | ) |
| WILLIAM H. EDWARDS, | ) ) |
| Third Party Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** ) |
| JOE LOUIS GLADNEY, | ) ) |
| Third Party Defendant, | ) ) |
| WILLIAM H. EDWARDS, GAIL EDWARDS, | ) ) ) |
| Counter Claimants, | ) |
| v. | ) ) |
| GLADNEY CONSTRUCTION, INC., JOE LOUIS GLADNEY, | ) ) ) |
| Counter Defendants. | ) **)** |

This action has been filed by the Plaintiff asserting several state law causes of action.

The Defendants William Edwards and Gail Edwards have answered pro se. Both of these

1



Defendants have also asserted a "counterclaim" against the Plaintiff as well as a third party claim against Third Party Defendant Joe Louis Gladney.

Joe Louis Gladney and the Plaintiff Gladney Construction Inc., (sometimes collectively referred to herein as "Gladney") have filed a motion for partial summary judgment pursuant to Rule 56, Fed.R.Civ.P. As the Edwards are proceeding pro se, a Roseboro order was entered by the Court on December 10, 2007, advising these two Defendants of the importance of a motion for summary judgment and of the need for them to file an adequate response. While these Defendants did not thereafter file a response with the Court, they did serve a response on counsel for the Plaintiff, a copy of which has now been added to the docket of this case. See Court Docket No. 116. Gladney filed a reply to these Defendants' response on January 16, 2008. Gladney's motion for partial summary judgment is now before the Court for disposition.[1]

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Plaintiff and Third Party Defendant have filed a motion for partial summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

This action arises out of the conveyance of real property to the Defendant International Family Church.[2] Plaintiff alleges that it financed a portion of the purchase price, with a promissory note in the amount of $190,000.00 being executed by the Defendant International Family Church. The note was made payable to the Defendant William Edwards[3] d/b/a Gladney Construction, Inc., and although some payments have been received by William Edwards as well as Gail Edwards, the note remains unpaid. Plaintiff alleges that these Defendants have improperly retained monies paid under the note, and that the note has otherwise also been improperly assigned to these Defendants. The Edwards assert in their counterclaim and Third Party Complaint that the note which is the subject of this lawsuit was to be used as a way to compensate them for services rendered, that Joe Louis Gladney fully authorized having the note made payable to William Edwards, and that Joe Louis Gladney's and Plaintiff Gladney Construction, Inc.'s refusal to pay the Edwards compensation they are due is in violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et. seq..[4]

---

[2]This Defendant has filed a separate answer, and is represented by counsel.

[3]Both William Edwards and Gail Edwards are apparently former employees of the Plaintiff.

[4]This Act creates a cause of action against an employer by an employee for failure of the employer to pay wages as required under that Act. S.C.Code Ann. § 41-10-80(C).



The South Carolina Wage Payment Act specifically applies only to employers having five or more employees at all times during the preceding twelve months. See S.C.Code Ann. § 41-10-20(2), as amended. Gladney argues in their motion for summary judgment that the Edwards' South Carolina Payment of Wages Act claim fails because the corporate Plaintiff (Gladney Construction) has fewer than five (5) employees.  Third Party Defendant Joe Louis Gladney has submitted an affidavit wherein he attests that Gladney Construction, Inc., employed less than five (5) employees at all times between 2000 and 2003, the time period relevant to this action.  See Gladney Affidavit.  Gladney further notes that both William Edwards and Gail Edwards conceded in their responses to Plaintiff's second interrogatories that Gladney Construction had fewer than five (5) employees.  See Gladney's Exhibits (Responses to Second Interrogatories of William and Gail Edwards).

In her response to Gladney's motion for partial summary judgment, Gail Edwards states in an affidavit that she served as agent/manager for Gladney Construction, Inc., from May 3, 2002 until 2005.  Gail Edwards attests that, while she did see a lot of people working (more than five) at a subdivision Gladney Construction, Inc., was involved in building, she "did not understand the structure of the Company as to whether the personnel working for the Company were employees or whether they were contract employees".  In an affidavit attached to his response, William Edwards attests that he served as the Vice President/Manager for Gladney Construction, Inc., from January 1, 1999 until May 1, 2003, and that during that time frame he would hire workers to perform various tasks for Gladney Construction Company, and Joe Louis Gladney.  Edwards further attests that the way Joe Louis Gladney controlled the Company, neither Joe Louis Gladney nor Edwards were treated or listed as direct employees of the Company, and that payments for work performed

4



for Gladney "may have been issued from Gladney Transportation which had more than five employees."

After a review of these exhibits and the arguments presented, the undersigned does not find that a genuine issue of fact has been presented as to whether Plaintiff Gladney Construction, Inc., employed five (5) or more employees during the relevant time period so as to make it (and by extension, Joe Louis Gladney personally) subject to the South Carolina Payment of Wages Act. Joe Louis Gladney has provided a sworn statement in which he attests that Gladney Construction, Inc., did not employ five (5) or more employees during the relevant time period, while in response the Defendants essentially say that they have no idea whether Gladney Construction, Inc., employed five (5) or more employees. Defendants' uncertainty or speculation about this issue is not sufficient to survive Gladney's properly supported motion for summary judgment. See Contemporary Mission v. United States Postal Serv., 648 F.2d 97, 107, n.14 (2d Cir. 1981) [An "opposing party's facts must be material and of a substantial nature, not fanciful,...conjectural, speculative, nor merely suspicions"] (internal citations and quotation marks omitted); Kulak v. City of New York, 88 F.3d 63, 71 (2nd Cir. 1996) ["conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment"]; Nicolo v. Philip Morris, Inc., 201 F.3d 29, 33 (1st Cir. 2000) [Conjectural allegations and conclusory assertions do not suffice to establish a genuine issue of fact]; cf. Williams v. Grimes Aerospace Co., 988 F.Supp. 925, 941, n. 13 (D.S.C. 1997) [holding that corporation for whom work was performed was not liable under South Carolina Payment of Wages Act where temporary agency 'handled all payment of wages.']; Williams v. South Carolina Dep't of Corrections, 641 S.E.2d 885, 887-888 (S.C. 2007) [Inmates cannot maintain an action against sponsor of prison industry program since it is not the entity responsible for paying wages.].



Therefore, Gladney Construction, Inc., and Joe Louis Gladney individually are entitled to summary judgment on the Defendants William Edwards and Gail Edwards' counterclaim and third-party complaint.

## **Conclusion**

Based on the foregoing, it is recommended that Plaintiff Gladney Construction, Inc., and Third Party Defendant Joe Louis Gladney's motion for partial summary judgment be **granted**, and that the counterclaim and third party complaint of the Defendant Edwards' be **dismissed.**

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

February 27, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

7

